UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


MICHAEL GRESHAM,

                    Plaintiff,                  Case No. 2:14-cv-253

v.                                         Honorable Robert Holmes Bell

ROBERT NAPEL, et al.,

                    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff Michael Gresham filed this civil rights action pursuant to 42 U.S.C. § 1983 against Warden Robert Napel and "Additional Parties."  Plaintiff's complaint was not filed on the proper form and consists of rambling and largely incoherent allegations.  On March 5, 2015, Plaintiff was ordered to file an amended complaint on the proper form (Docket #8).

Plaintiff has filed a request for a temporary restraining order and preliminary injunction, alleging that the MDOC continues to transfer him in order to separate him from his legal material and that he is being medicated with anti-psychotic drugs against his will.  Plaintiff seeks a temporary restraining order preventing staff from medicating him, engaging in excessive shakedowns and property theft, and using other prisoners to assault him sexually and otherwise.  Plaintiff also seeks a preliminary and permanent injunctions ordering the MDOC to provide Plaintiff with surgery for his hernias, and dermatological treatment for his dermatitis, as well as rabies shots.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not

granted.  Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1.    Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2.    Whether the movant has shown irreparable injury.

3.    Whether the preliminary injunction could harm third parties.

4.    Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  *See also, Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

As noted above, Plaintiff alleges that the MDOC continues to transfer him in order to separate him from his legal material and that he is being medicated with anti-psychotic drugs against his will.  Plaintiff fails to allege any specific facts showing that the only named Defendant

in this case, Warden Robert Napel, was directly involved with the alleged misconduct.  A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  March 5, 2015

- 3 -