UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

MICHAEL GRESHAM,

           Plaintiff,                        Case No. 2:14-cv-253

v.                                                Honorable Robert Holmes Bell

ROBERT NAPEL,

           Defendants.
_____/

REPORT AND RECOMMENDATION

       Plaintiff Michael Gresham, a state prisoner currently confined at the Ionia Correctional Facility (ICF), filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Defendants Warden Robert Napel, Corrections Officer John Hill, Corrections Officer S. Nadeau, Darrin A. Viitala, Sergeant L. Larock, Kristen Gieson, Lieutenant Robert Brown, Deputy Jim Alexander, Deputy Shane Place, Inspector Jeff Contrares, Inspector Lincoln Marshall, Glenn Caron, Grievance Coordinator Amanda Peden, Daphne M. Johnson, Psychologist Fred Pascoe, Terry Meden, Paul Eyke, Mandi Salmi, Amy Robar, Angela J. Rose, Angela Moore, Sarah Rathburn-Miller, Tom Oshier, Robin J. Bailey-Webb, Dr. Wijayagunaratne, Shannon Montgomery, R.N., Brenda James, R.N., Charles Scott, R.N., Larry Hill, R.N., Peggy Derosie, Denise Gallippo-Sebaly, R.N., Peggy Larsen, R.N., Matt D. Young, and Dan Heyns.

       Plaintiff has filed a request for a temporary restraining order and preliminary injunction, seeking an order to prevent Marquette Branch Prison staff from retaliating against him.

Plaintiff alleges that United States District Judge R. Allan Edgar and United States Magistrate Judge Timothy P. Greeley have "sold out to the MDOC." Plaintiff asserts that he will likely be subjected to psychotropic medications and possibly killed. However, Plaintiff fails to make any specific factual allegations to support his conclusory assertions. Nor does Plaintiff seek any specific relief.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*,

596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

      As noted above, Plaintiff's motion contains conclusory assertions, without any specific factual support.  Plaintiff fails to seek any relief beyond an order preventing prison staff from retaliating against him.  Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction be denied.

      NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  August 20, 2015                                /s/ TIMOTHY P. GREELEY
                                                              TIMOTHY P. GREELEY
                                                              UNITED STATES MAGISTRATE JUDGE