UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

    Plaintiff,

v().                                                Case No. 2:14-cv-253
                                                 HON. ROBERT HOLMES BELL

ROBERT NAPEL, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Michael Gresham filed a "Motion To only Judge Robert Holmes Bell to Serve Defendants grant temporary restraining order injunction and appoint counsel 28 U.S.C. § 1915(e)(1)" (ECF #43). Plaintiff filed a "Motion to relate/evidence in Gresham v. Stewart, Motion for MDOC to Show Cause, Motion For Temporary Restraining Order. Rule 65 Injunction and order For MDOC to give Mr. Gresham full meaningful access to the courts for H.I. Parrish Smith and attorney Susan Morris to return joint action lawsuit order requesting MDOC to turn over video camera. . . ." (ECF No. 28). Plaintiff claims that Officer Eaton wrote on Plaintiff's copy of the August 20, 2015, order in a manner that was disrespectful toward Judge Bell. Plaintiff claims that he is in imminent danger. Further, defendants have made "attempts to sabotage this case with malicious sadistic intent including the notorious chemical agent spraying of this courts documents."

        Plaintiff claims that he is being denied writing paper and envelopes and that there are 33 defendants in this lawsuit. Plaintiff argues that he needs extra paper. Plaintiff wants 200-500 sheets of paper and 25 to 30 envelopes. For this reason, Plaintiff requests appointment of counsel. Plaintiff complains that his legal work and personal property are being confiscated and destroyed.

Plaintiff states that he has been diagnosed with three hernias and he needs immediate surgery and dermatological treatment. Further, Plaintiff asserts that since he has mental issues he is at a greater risk of committing suicide if Judge Bell does not grant Plaintiff relief. Plaintiff argues that the evidence supports his case, and the right thing to do is find for Plaintiff.

Plaintiff requests that this court obtain and review cases that he filed in the Eastern District of Michigan to find evidence that may support this case. Plaintiff asserts that these Eastern District of Michigan cases were consolidated with case 2:13-cv-10189. Plaintiff complains that the MDOC is trying to make Plaintiff kill himself. Plaintiff asserts that he was sexually assaulted and that staff stole evidence of drug and cell phone smuggling activities and prostitution activities inside the prison. Plaintiff argues that his legal mail is intercepted and he is being denied access to the courts. Plaintiff claims that the video equipment cannot always record his location. Plaintiff requests that the court order his continued confinement in cell number 32, which has full video taping capabilities. Plaintiff complains that he is not receiving advanced mental health treatment. Plaintiff requests that the court appoint counsel and grant a temporary restraining order and injunction.

I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an

injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a injunctive relief be DENIED.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: November 23, 2015          /s/ TIMOTHY P. GREELEY
                                  TIMOTHY P. GREELEY
                                  UNITED STATES MAGISTRATE JUDGE