UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

       Plaintiff,

                                                      File No. 2:14-cv-253

v.

                                                      HON. ROBERT HOLMES BELL

ROBERT NAPEL et al.,

       Defendants.

                                /

**O R D E R**

On October 16, 2015, Plaintiff filed a motion for temporary restraining order and motion to appoint counsel. (ECF No. 43.) The magistrate judge issued an R&R and recommended that Plaintiff's motion be denied. (ECF No. 48.) Plaintiff has filed objections to this R&R. (ECF No. 51.)

This Court makes a *de novo* determination of those portions of an R & R to which specific objections are made. 28 U.S.C. § 636(b) (1); Fed.R.Civ.P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

I.

The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). The issuance of such relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). When exercising that discretion, a court considers whether the plaintiff has established: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Ne. Ohio Coal.*, 467 F.3d at 1009. These factors are not prerequisites to the grant or denial of injunctive relief, but must be "carefully balanced" by the district court in exercising its equitable powers. *Id.* Moreover, when a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984).

II.

Plaintiff's objections reiterate that the Michigan Department of Corrections, the judiciary, and the United States Postal Service are attempting to sabotage Plaintiff's litigation. (ECF No. 51, PageID.485.) The only specific objection to the R&R that the Court

is able to discern is Plaintiff's contention that the magistrate judge acted with bias and in a discriminatory manner because Plaintiff had previously brought a lawsuit against the magistrate judge. Plaintiff contends that the magistrate judge failed to consider evidence that Plaintiff was "sprayed with an entire can of chemical agent called a snitch rat" and that this demonstrates the danger Plaintiff is in. (ECF No. 43, PageID.404.) Plaintiff states that there is evidence of this because he sent the actual chemical agent spray to the United States Marshals. Upon de novo review, the Court finds that the magistrate judge considered the appropriate evidence and did not act with bias or in a discriminatory manner.

Further, the Court finds that Plaintiff has not established a substantial likelihood of success on the merits. Plaintiff presents largely unsubstantiated allegations which do not merit the extraordinary and drastic relief of enjoining state prison officials. *See Moneyham v. Potter*, No. 3:15cv436, 2015 WL 1198080, at *1 (M.D. Pa. Mar. 16, 2015) ("At present, we have nothing but plaintiff's bare allegations upon which to base our judgment. That is not enough to merit a TRO."); *Young v. Medden*, 241 F. App'x 45, 47 (3d Cir. 2007) (upholding denial of TRO where prisoner provided no evidence, outside of his allegations, to support his claim of wrongdoing). The majority of the objections relate to Plaintiff's placement on paper restriction. Plaintiff did attach a letter from another prisoner explaining why Plaintiff was improperly placed on paper restriction. (ECF No. 45.) But Lloyd Thurlby, a prisoner counselor at Ionia Correctional Facility, provided a sworn affidavit stating that Plaintiff was put on paper restriction for covering his cell window with paper, making it impossible to

monitor his activities within the cell. (Thurlby Aff. 1, ECF No. 47.) As such, Plaintiff was "provided reasonable access to his legal documents as necessary to meet court deadlines, but only under staff supervision." (*Id.* at 1-2.) Plaintiff told Thurlby that Plaintiff may have accidentally thrown out some of his legal documents when he was tearing up other copies that were contaminated with chemical agents. (*Id.* at 2.) Based on the affidavit and a reading of the complaint, the Court finds Plaintiff is unlikely to succeed on the merits of his claims. And "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

      Similarly, the other factors weigh against granting Plaintiff injunctive relief. Thurlby stated that Plaintiff is being provided reasonable access to his legal documents and, thus, Plaintiff has not shown that he will be irreparably harmed. And in the context of a motion impacting matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). The Court agrees with the magistrate judge that this showing has not been made here.

## III.

Plaintiff also requests that this Court appoint him counsel. After a previous motion, the Court noted that it had carefully considered Plaintiff's request, and that "[i]f the Court determines that the appointment of counsel is warranted in the future, it will appoint an attorney without the necessity of a motion by plaintiff." (ECF No. 7, PageID.86.) Exercising its discretion, *Lavado v. Keohane*, 922 F.2d 601, 604-05 (6th Cir. 1993), the Court finds that the assistance of counsel is not necessary at this time. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's November 23, 2015 R&R (ECF No. 48) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order and to appoint counsel (ECF No. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 51) are **OVERRULED**.

Dated: February 14, 2016         /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE