UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

    Plaintiff,

v.

    Case No. 2:14-cv-00253
    HON. ROBERT HOLMES BELL

ROBERT NAPEL, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed a "motion for a temporary restraining order, rule 65 preliminary and permanent injunction to cease harassing and retaliatory excess legal property hearing send legal mail out so Gresham can litigate his false imprisonment claims and cease and desist clandestine retaliatory tactics aimed to deter and deprive litigation" (ECF No. 125). Plaintiff alleges that J. Kerr, Ms. Duitsman, Smith, and Susan Morris have conspired to take his excess legal property. Although, Plaintiff states that these individuals are Defendants, Plaintiff has not named these individuals as defendants in this case. Plaintiff also filed a "motion for relief from judgment Rule 60(b)(1)(2)(2)(6) August 20, 2015, order for the court to rescreen amend complaint and properly serve Defendants Pamela Austin or consolidate case and make this issue moot" (ECF No. 122).

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

    1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

    2. Whether the movant has shown irreparable injury.

    3. Whether the preliminary injunction could harm third parties.

    4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

  Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

  Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights. Moreover, Plaintiff has asserted claims against individuals who are not named defendants in this action. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

  Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction.

Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Plaintiff has requested that the Court re-screen his case, because there are other Defendants who should be served a summons and complaint. Plaintiff asserts that "Pamela Austin Dentist" and the Defendants named in *Gresham v. Austin*, 2:16-cv-71 should become Defendants in this case. It is recommended that the Court deny this motion.[1]

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a injunctive relief (ECF No. 125) and Plaintiff's motion to re-screen this case (ECF No. 122) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  July 27, 2016                         /s/ Timothy P. Greeley
                                              TIMOTHY P. GREELEY
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] I am recommending, in a separate Report and Recommendation, that most of Plaintiff's unrelated claims be dismissed in this case for misjoinder.