UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

        Plaintiff,

                                    Case No. 2:14-cv-253

v.

                                    HON. ROBERT HOLMES BELL

ROBERT NAPEL, et al.

        Defendants.

                                      /

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments. On July 21, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendants' motions to sever based upon misjoinder of parties and claims (ECF Nos. 103 and 108) be granted, and that Defendants Napel, LaRock, Gieson, Brown, Alexander, Place, Contrares, Marshall, Caron, Peden, Johnson, Pascoe, Meden, Eyke, Salmli, Robar, Rose, Moore, Rathburn-Miller, Oshier, Bailey-Webb, Wijayagunaratne, Montgomery, James, Scott, L. Hill, Derosie, Gallippo-Sebaly, Larsen, Young and unknown parties be dismissed from this action without prejudice. The Magistrate Judge also recommended that Plaintiff's request to add an additional defendant (ECF No. 110) be denied. This matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 134.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the Magistrate Judge's determination that Plaintiff improperly joined several defendants and claims under Federal Rule of Civil Procedure 20. The Rule permits joinder of defendants in one action when:

> (A) any right to relief is assert against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in this action.

Fed. R. Civ. P. 20(a)(2). "Unrelated claims against different defendants belong in different suits." *Carter v. Oakland Cty Sheriff's Dep't & Jail*, No. 15-cv-10347, 2015 WL 778365, at *2 (E.D. Mich. Feb. 23, 2015) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). When a court considers whether joinder should be permitted, it is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not

provide a plaintiff free license to join multiple defendants into a lawsuit where the claims against the defendants are unrelated. *Percival v. Prison Health Servs.*, No. 2:16-cv-97, 2016 WL 4009641, at *1 (W.D. Mich. July 27, 2016) (collecting cases). When the plaintiff is a prisoner, the limitations of joining multiple defendants in a single lawsuit are often compounded. *Id.*

If a plaintiff improperly joins claims or defendants, the court may "on just terms" either (1) add or drop parties or (2) sever the claims against parties. Fed. R. Civ. P. 21; *see also Kitchen v. Heyns*, 802 F.3d 873, 875 (6th Cir. 2015). Several circuits have interpreted "on just terms" to mean "without 'gratuitous harm to the parties.'" *Crawford v. Prison Health Servs.*, No. 1:12-cv-409, 2012 WL 4740219, at *3 (W.D. Mich. 2012) (quoting *Standlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008)); *Elmor v. Henderson*, 532 F.3d 1009, 1012 (7th Cir. 2000); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). Gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandland*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47.

Here, there is no risk of the statute of limitations barring a future suit against dismissed Defendants. In Michigan, the statute of limitations for § 1983 claims is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam). Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice."

3

*Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003). Plaintiff's earliest claims accrued in September 2012, and Plaintiff filed this lawsuit on December 18, 2014. Thus, because of tolling, Plaintiff has time to file a new lawsuit against dismissed Defendants.

Plaintiff argues that his claims arise out of the same series of transactions or occurrences because Defendants conspired to retaliate, forcibly medicate, and conceal assaults, excessive use of force, sexual assaults, and transfers. Plaintiff has not shown that his claims are sufficiently linked to or arise out of the same series of transactions or occurrences. The alleged violations occurred in two correctional facilities, and in his complaint, Plaintiff names thirty-three Defendants. Further, dismissal of improperly joined claims and Defendants would not gratuitously harm Plaintiff.

The R&R accurately recites the facts and correctly applies pertinent law. The Court finds the R&R to be well-reasoned, and Plaintiff's objections are without merit. For the reasons explained by the R&R, the Court will adopt the Magistrate Judge's recommendation to allow Plaintiff's claim that RUM Viitala and Corrections Officers J. Hill and Nedeau paid Gillen to assault Plaintiff, and the remaining Defendants and claims be dismissed without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 134) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the July 21, 2016 R&R (ECF No. 130) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for misjoinder of parties and claims (ECF Nos. 103, 108) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Napel, LaRock, Gieson, Brown, Alexander, Place, Contrares, Marshall, Caron, Peden, Johnson, Pascoe, Meden, Eyke, Salmli, Robar, Rose, Moore, Rathburn-Miller, Oshier, Bailey-Webb, Wijayagunaratne, Montgomery, James, Scott, L. Hill, Derosie, Gallippo-Sebaly, Larsen, Young and unknown parties are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's request to add an additional defendant (ECF No. 110) is **DENIED**.

Dated: October 12, 2016                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE