UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

        Plaintiff,

                                            Case No. 2:14-cv-253

v.

                                            HON. ROBERT HOLMES BELL

ROBERT NAPEL, et al.

        Defendants.

_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments.  On July 27, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff's "motion for a temporary restraining order, [R]ule 65 preliminary and permanent injunction to cease harassing and retaliatory excess legal property hearing send legal mail out so Gresham can litigate his false imprisonment claims and cease and desist clandestine retaliatory tactics aimed to deter and deprive litigation" (ECF No. 125) and Plaintiff's "motion for relief from judgment Rule 60(b)(1)(2)(2)(6) August 20, 2015, order for the court to rescreen amend complaint and properly serve Defendants Pamela Austin or consolidate case and make this issue moot" (ECF No. 122) be denied.  (ECF No. 132.)  The matter is before the Court on Plaintiff's objections to the R&R (ECF Nos. 139, 143), Plaintiff's motion

for judicial misconduct investigation (ECF No. 145), and Plaintiff's motion to recuse and/or reassign Magistrate Greeley (ECF No. 149).

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to establish a likelihood of success on the merits and failed to show that he will suffer irreparable harm if the requested relief is not granted. Plaintiff argues that the Magistrate Judge's bias and deep-seated favoritism impaired his perception of the case. Plaintiff claims that his amended complaint and previous objection "not only support[] multiple defendants have conspired to violate and did violate his federal rights but that Magistrate Greeley was and is apart of this systematic conspiracy against the plaintiff." (ECF No. 139, PageID.892.) The Court takes this objection as a motion to disqualify Judge Greeley. The R&R accurately recites the facts and correctly applies pertinent law. The Court finds the R&R to be well-reasoned, and Plaintiff's requests for injunctive relief are without merit. Plaintiff's claims as to Judge Greeley's bias and favoritism are unsupported, and his motion to disqualify Judge Greeley is meritless.

Plaintiff also requested the Court to re-screen his case because there are other Defendants who should be served a summons and complaint. This Court has already issued an order denying Plaintiff's request to add parties to the complaint and has dismissed several Defendants for misjoinder. Thus, the Court denies Plaintiff's request to re-screen his case.

For the reasons explained by the R&R, the Court will adopt the Magistrate Judge's recommendation to deny Plaintiff's motion for injunctive relief (ECF No. 125) and Plaintiff's motion to re-screen this case (ECF No. 122).

In addition, Plaintiff filed a "motion for judicial misconduct investigation" (ECF No. 145) and a "motion to recuse and/or reassign Magistrate Greeley" (ECF No. 149). In his motions, Plaintiff asserts that Judge Greeley filed a "false and very inaccurate R&R" relating to Defendants' motions for misjoinder. This Court conducted a de novo review of that R&R, and approved and adopted it. There was no judicial misconduct, and there are no reasons to reassign or recuse Judge Greeley. Thus, Plaintiff's motions (ECF Nos. 145, 149) are without merit.

Further, the Court considers Plaintiff's objections filed in response to the R&R (ECF No. 143) and Plaintiff's supplement (ECF No. 144) as a motion to serve Defendants with the amended complaint. Plaintiff requests that over eighty people, none of whom are Defendants in the case, be served with the amended complaint. Plaintiff has not shown that these parties may be properly joined to his claim under Federal Rule of Civil Procedure. *See* Fed. R. Civ. P. 20 (requiring that claims arise out of the same transaction or occurrence or transactions

or occurrences to be properly joined).  Thus, his motion is denied.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF Nos. 139 and 143) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the July 27, 2016 R&R (ECF No. 132) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunctive relief (ECF No. 125) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to re-screen the case (ECF No. 122) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to serve Defendants with the amended complaint (ECF No. 143) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to disqualify Judge Greeley (ECF No. 139) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for judicial misconduct investigation  (ECF No. 145) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to recuse and/or reassign Magistrate Greeley (ECF No. 149) is **DENIED.**

Dated: <u>October 12, 2016</u>            <u>/s/ Robert Holmes Bell</u>
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE