UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

    Plaintiff,

v.      Case No.  2:14-cv-253
    HON. PAUL L. MALONEY

ROBERT NAPEL, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This is a civil rights action brought by state prisoner Michael Gresham pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Marquette Branch Prison Resident Unit Manager Darrin Viitala and Corrections Officers John Hill and Scott Nadeau paid prisoner Gillen to assault Plaintiff.  On November 13, 2014, Plaintiff alleges that prisoner Gillen sprayed cleaning fluids and bodily fluids on Plaintiff's head and face.  Defendants filed a motion for summary judgment (ECF No. 176).  Plaintiff filed a response (ECF No. 179).

    Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing

that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

Plaintiff claims that he was assaulted by prisoner Gillen. Defendants assert that they did not pay prisoner Gillen to assault Plaintiff, and that Plaintiff actually initiated a fight with prisoner Gillen by spitting in prisoner Gillen's face. Prisoner Gillen then squirted cleaner in Plaintiff's face. Plaintiff was given a class I misconduct ticket for fighting. Plaintiff was found guilty after a hearing. The hearing officer explained his finding:

> I uphold this charge. The video is not inconsistent with the report. The reporting officer had a better vantage point tha[n] the camera as he was on ground or eye level. Gillen is seen looking into the vestibule[. Then he] open[ed the] doorway cautiously as if he was expecting something. He then recoiled and moved back quickly. This is consistent with the report that Gresham spit at Gillen. It is not known from [the] video if he was or was not struck. The reporter was present so could tell if he was struck and where and noted Gillens' shoulder. Had Gillen left then the assault charge would have been correct. However; Gillen then reacted and sprayed two quick blasts from the spray cleaner bottle at Gresham. This made it a mutual physical confrontation. Spitting at and then spraying the other are hostile acts indicating this was not a playful activity. Had Gillen been the agress[or] as Gesham claimed he would not have

3

> looked cautiously into the area or recoiled and backed up. He would have entered the vestibule and simply s[p]rayed Gresham. This was a mutual action by both with Gresham as the one to strike first. No other witnesses are necessary as no prisoner was in the area and could have not seen any of the incident from their cells.

(ECF No. 177-2, PageID.1109).

Similarly, prisoner Gillen was also charged with a class I misconduct for fighting and found guilty after a hearing.

> The prisoner is guilty of the charge based upon the report which is logical and persuasive and confirmed by the video. This prisoner approached Gresham's cell cautiously. As he entered he back[ed] up quickly which was consistent at being spat upon. In response he had his cleaner spray bottle and . . . sprayed it in Gresham's direction. This was a mutual physical confrontation with each prisoner making hostile physical move[s] against the other. One spat and the other squirted the other with cleaner. The reason the other prisoner began the exchange is not known. However, the cautious manner in which this prisoner approached the cell tells me he and Gresham [had] a prior issue. Even so, this prisoner responded in a physical manner making this a fight.

(ECF No. 177-2, PageID.1107).

Plaintiff denied that he initiated the confrontation by spitting on prisoner Gillen. Plaintiff sent a letter to the Office of Legal Affairs requesting an investigation and asserting that Defendants Nadeau, Hill, and Viitala falsified the misconduct ticket and placed a hit on Plaintiff. (ECF No. 177-5, PageID.1124-1128). Plaintiff alleged that Defendants were sexually abusing and bribing inmates to not complain to Internal Affairs. Plaintiff asserts that a hit was placed on him because he was an informant. Plaintiff states that Defendants paid inmate Gillen to assault him with cleaning fluid, feces, urine, and other bodily fluids. An investigation was completed by Inspector Lincoln Marshall. "The investigation produced no evidence to prove the allegations made." (ECF No. 177-5, PageID.1122). Prisoner Gillen submitted an affidavit indicating that on

4

November 13, 2014, while he was passing out cleaning supplies, Plaintiff spit on him striking him in the shoulder area. Prisoner Gillen then sprayed cleaner in Gresham's direction. Prisoner Gillen states that no one encouraged him or paid him to spray Plaintiff. (ECF No. 177-6, PageID1131-1132).

Plaintiff asserts that he did not initiate the confrontation with prisoner Gillen by first spitting on him. The evidence of records shows otherwise. However, even if the Court accepts Plaintiff's assertion that he did not start the fight with prisoner Gillen, Plaintiff has completely failed to present any facts to show that Defendants paid Gillen to assault Plaintiff because they believed Plaintiff would inform the Office of Legal Affairs that they were sexually abusing prisoners. In the opinion of the undersigned, no genuine issue of fact exists showing that Defendants engaged in a conspiracy to pay prisoner Gillen to assault Plaintiff.

Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 176) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 7, 2018